[No. 7715. Decided February 25, 1909.]

MARY McKAY, *Respondent*, v. ANDERSON STEAMBOAT
COMPANY, *Appellant.*[1]

APPEAL—REVIEW—VERDICT. The supreme court will not set aside
a verdict because of conflict in evidence supporting it.

CARRIER—NEGLIGENCE — LANDING PASSENGERS — EVIDENCE — QUES-
TION FOR JURY. Negligence in landing a passenger from a steamer
is for the jury, where there was testimony to the effect that the boat
tied up at the wharf and starting up shifted away while plaintiff
was attempting and before she had an opportunity to alight, pre-
cipitating her into the water.

TRIAL—INSTRUCTIONS—ASSUMPTION AS TO FACTS. It is not error
in instructions to the jury to refer to one of the parties to the
action as a "lady."

APPEAL—REVIEW—HARMLESS ERROR—INSTRUCTIONS. It is harm-
less error to give a technically incorrect instruction exonerating
the appellant if it had established contributory negligence, where
appellant had offered no evidence of contributory negligence, and
there was none.

CARRIERS—NEGLIGENCE — LANDING PASSENGERS — SHIPPING — EVI-
DENCE OF CUSTOM. Evidence of custom in landing passengers at a
wharf is properly excluded where there was simply a dispute as to
the facts on the issue as to negligence, the testimony of either
party, if true, warranting a favorable verdict.

Appeal from a judgment of the superior court for King
county, Griffin, J., entered May 4, 1908, upon the verdict of
a jury rendered in favor of the plaintiff, in an action by a
passenger on a boat to recover for personal injuries. Affirmed.

*Byers & Byers*, for appellant.
*Aust & Terhune*, for respondent.

RUDKIN, C. J.—The defendant in this action owns and
operates a line of steamboats on Lake Washington, and is a
common carrier of passengers for hire. On the 4th day of
November, 1907, the plaintiff became a passenger on one of

[1]Reported in 99 Pac. 1030.

the defendant's boats for the purpose of being transported over the lake from Kirkland to Houghton. When the boat reached the wharf at Houghton, the plaintiff attempted to land by stepping from the rail of the boat to the wharf, and in so doing was precipitated into the lake between the boat and the wharf, receiving personal injuries for which a recovery was sought in this action. The jury returned a verdict for the plaintiff, assessing her damages in the sum of $1,200, but the court below granted a new trial unless she would remit the sum of $600 from the amount of the verdict. The plaintiff elected to accept the lesser amount, and judgment was given in her favor for the sum of $600, from which this appeal is prosecuted.

The first error assigned is the refusal of the court to direct a verdict in favor of the appellant. In discussing this assignment, it seems to us that the appellant has entirely lost sight of the fact that there is a verdict in the record based on conflicting testimony. If it were an admitted fact that the respondent, of her own volition, attempted to step a distance of three or more feet from the rail of the boat to the wharf, while the boat was in motion and before a landing was made, as the testimony of the appellant tends to show, this case would in all probability never have reached this court. If, on the other hand, the boat tied up at the wharf, received two passengers, and untied again for the purpose of proceeding on her journey, and the respondent attempted to land from the boat at the instance of the purser while the boat was lying motionless within a foot or less of the wharf, and was precipitated into the lake by the boat starting up and shifting away from the wharf before she had an opportunity to alight, the question of negligence on the part of the appellant and of contributory negligence on the part of the respondent was clearly for the jury, and there was competent testimony tending to establish these facts.

The appellant next assigns error in certain instructions wherein the court used the term "lady," in referring to the

respondent. This assignment is without merit. In a country where titles of nobility are unknown, where every woman is a lady, in vulgar phrase, a jury is not likely to be swept from its feet because, forsooth, the court in its charge refers to one of the parties litigant as a lady. Such an appellation would not even challenge the attention of the average juror, much less influence his sober judgment.

The court gave the following instruction to the jury:

"If the plaintiff has failed to prove to you by a fair preponderance of the evidence that the defendant was negligent as alleged by her, or has failed to prove to you that she was injured through the negligence of the defendant as alleged by her, or has failed to prove to you that she has sustained damages by reason of such injury, or if the defendant has proved to you by a fair preponderance of the evidence that the plaintiff herself was negligent, and that negligence on her part directly and not remotely caused or contributed to the injury which she has received, then you should return a verdict in favor of the defendant."

The appellant excepted to that portion of the charge wherein the court said: "If the defendant has proved to you by a fair preponderance of the evidence that the plaintiff herself was negligent," etc. The instruction complained of is not technically correct of course, as the jury must consider the entire testimony in determining the question of contributory negligence or any other issue in the case. But we fail to see how the jury could be misled by the instruction complained of. The appellant has pointed out no evidence in the respondent's case tending to show contributory negligence on her part, and after a careful examination of the record, we have discovered none. The error was therefore harmless.

The refusal of the court to admit testimony tending to show the appellant's custom in making landings and discharging passengers is next assigned as error. We fail to see how the question of custom had anything whatever to do with this case. If the respondent's testimony was true, she was entitled to a verdict; if the appellant's testimony was true,

she was not; and the question of custom has no place in the record. The remaining assignments require no separate consideration; and finding no error in the record the judgment is affirmed.

FULLERTON, CHADWICK, GOSE, DUNBAR, CROW, and MOUNT, JJ., concur.